IN THE CIRCUIT COURT OF MARYLAND
FOR MONTGOMERY COUNTY

Delise Monique Idris,  )
[14135 Castle Blvd. #401  )
Silver Spring Md. 20904]  )
   )
   Plaintiff  )
   )
v.  )   Civil Action No. 383582
   )
[Ratner Company/Creative Hairdressers]  )
1577 Spring Hill Rd  )
Vienna VA   Defendants.  )
22182  )

## AMENDED COMPLAINT
(Discrimination, Retaliation)

1.   This Court has jurisdiction over this action pursuant to Maryland Code Ann., Cts. & Jud. Proc. §§ 1-501 and 6-102, and the Montgomery County Code, Sec. 27-20. Venue is proper in this Court pursuant to Maryland Code Ann., Cts. & Jud. Proc. § 6-201.

### PARTIES

2.   Plaintiff DeLise-Monique Idris is an adult resident of Montgomery County, Maryland.

3.   Defendant [Ratner Company/Creative Hairdressers ] is a [Virginia] corporation that has its headquarters in [Vienna, Va.]. Defendant Ratner is engaged in a regular course of business in Wheaton, Maryland and Bethesda, Maryland, where it operates a number of subsidiaries.


EXHIBIT B

4. Defendant [DeLise-Monique Idris] is an adult resident of Montgomery County, Maryland and at all times relevant to this Complaint was an employee of Ratner Company/Creative Hairdressers.

## COMPLAINT FOR DAMAGES

1. This is a civil action for relief from discrimination in employment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Montgomery County Human Rights Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these claims pursuant to Title VII, 42 U.S.C. § 2000e-5. This is a suit in which the matter in controversy exceeds $75,000.00.

3. All conditions precedent to jurisdiction under the anti-discrimination laws have occurred or been complied with. Plaintiff DeLise-Monique Idris filed a timely charge of discrimination on the basis of race and age with the Baltimore Field Office of the United States Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue. This complaint has been timely filed.

4. Venue lies in this Court. Unlawful employment practices complained of were committed in Montgomery County, Maryland.

## PARTIES

5. Plaintiff DeLise-Monique Idris is a resident of Maryland, and was employed by Defendant in Maryland.

6. Defendant Ratner Cos is headquartered in land. Defendant maintains an office, conducts business and employs several hundred individuals in Maryland. Defendant employs more than [50,000] employees.

## FACTS

7. Plaintiff was born on _February 8, 1960___. Plaintiff is an African American female with a [license in cosmetology].

8. On [January 2, 2007] Plaintiff was hired by Ratner as a Cosmetologist]

9. Plaintiff performed her duties in a fully satisfactory manner throughout the tenure of her employment at Ratner. In recognition thereof, Plaintiff always received satisfactory performance appraisals.

10. [in separate paragraphs, state the facts, what happened to you and why]

11. 20. Plaintiff [resigned] because of her religion, and in retaliation for Plaintiff having complained of discrimination to management and in retaliation for Plaintiff having filed a charge of discrimination with the EEOC.

21. Plaintiff has suffered monetary losses, humiliation, depression and emotional distress because of Defendant's actions.

## COUNT I
### (Race discrimination under Title VII)

22. Plaintiff incorporates herein and realleges by reference each and every allegation contained in paragraphs 1-21, above.

23. Defendant gave Plaintiff a negative performance appraisal, subjected her to a hostile environment because of Plaintiff's [religion, age and race].

24. Defendant's conduct constitutes discrimination in violation of Title VII, 42 U.S.C. § 2000e-2.

25. Defendant's discriminatory conduct was intentional, willful, deliberate, malicious, and in reckless disregard of Plaintiff's federally protected rights.

26 As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer physical and emotional injury and monetary damages, including damage to her professional career, humiliation and related emotional pain and suffering, and has incurred and continues to incur legal and related expenses.

## COUNT II
### (Retaliation in violation of Title VII)

37. Plaintiff incorporates herein and realleges by reference each and every allegation contained in paragraphs 1-36, above.

38. Plaintiff opposed discrimination against her by complaining to her management and by filing a charge of discrimination with the EEOC.

39. Defendant took adverse action against Plaintiff in retaliation for complaining of and opposing discrimination, in violation of Title VII.

40. Defendant's retaliatory conduct was intentional, willful, deliberate, malicious, and in reckless disregard of Plaintiff's federally protected rights.

41. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer physical and emotional injury and monetary damages, including humiliation and related emotional pain and suffering, and has incurred and continues to incur legal and related expenses.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment on his behalf against Defendants and:

(a) find and hold that Defendants discriminated against Plaintiff on the basis of [religion, age and race] in violation of Title VII;

(b) Find and hold that Defendant retaliated against Plaintiff for engaging in conduct protected by Title VII;

(c) Order that Plaintiff be awarded back pay and front pay;

(e) Order that Plaintiff be awarded compensatory damages, in an amount to be determined at trial, for emotional pain and suffering and other injuries;

(f) Order that Plaintiff be awarded punitive and liquidated damages, in an amount to be determined at trial;

(g) Award Plaintiff costs and disbursements of this action, including reasonable attorneys' fees; and

(h) Grant such other and further relief the Court deems equitable, just and proper.

### JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable presented herein.

Respectfully submitted,

Dated:_____10/29/13_____

_____
DeLise-Monique Idris, Pro Se Plaintiff