UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DELISE MONIQUE IDRIS,

    Plaintiff,

v.

RATNER COMPANY / CREATIVE
HAIRDRESSERS,

    Defendant.

Civil Action No. TDC-14-1425

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss filed by Defendant Ratner Company / Creative Hairdressers[1] ("Creative Hairdressers"). The issue before the Court is whether Plaintiff Delise Monique Idris ("Idris") has sufficiently stated claims for (1) discrimination on the basis of race and religion under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* (2012), discrimination on the basis of age under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (2012), and discrimination on the basis of race, religion, and age under the Montgomery County Human Rights Act, Montgomery County Code § 27-19(a)(1) (Am. Legal Publ'g Corp. 2014); (2) retaliation under Title VII; and (3) hostile work environment under Title VII. Having reviewed the pleadings and the briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion is GRANTED.

---

[1] In its Notice of Removal, Defendant states that its correct name is "Creative Hairdressers, Inc." ECF No. 1.

## BACKGROUND

On October 29, 2013, Idris filed *pro se* an employment discrimination suit against Creative Hairdressers, her former employer, in the Circuit Court for Montgomery County. *See* Compl., ECF No. 2. Idris subsequently retained counsel. *See* ECF No. 6. On April 28, 2014, Creative Hairdressers timely removed the case to this Court. ECF No. 1.

Idris makes the following allegations in her *pro se* Complaint. Idris is an African American woman who was employed by Creative Hairdressers as a cosmetologist from January 2, 2007 until she resigned at an unspecified time. Compl. ¶¶ 7-8, 11-20. Idris alleges that she "performed her duties in a fully satisfactory manner throughout the tenure of her employment at Creative Hairdressers" and had "always received satisfactory performance appraisals." *Id.* ¶ 9.

Idris asserts that Creative Hairdressers gave her a "negative performance appraisal" and "subjected her to a hostile environment because of Plaintiff's [religion, age and race]." *Id.* ¶ 23 (brackets in original). Idris also alleges that she "opposed discrimination against her by complaining to her management and by filing a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]," and that Creative Hairdressers "took adverse action against Plaintiff in retaliation for complaining of and opposing discrimination, in violation of Title VII." *Id.* ¶¶ 38-39. Idris further alleges that she "[resigned] because of her religion, and in retaliation for Plaintiff having complained of discrimination to management and in retaliation for Plaintiff having filed a charge of discrimination with the EEOC." *Id.* ¶ 11-20 (brackets in original).

On May 5, 2014, Creative Hairdressers filed its Motion to Dismiss for Failure to State a Claim. ECF No. 12. On May 19, 2014, Idris, through counsel, filed her Opposition to the

Motion to Dismiss in which she asked that the Court grant leave to amend the Complaint should the Court determine her pleadings to be deficient. ECF No. 16.

## DISCUSSION

### I. Legal Standard

In order to defeat a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads *factual content* that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). A Title VII plaintiff is not required to plead facts that constitute a *prima facie* case in order to prevail on a motion to dismiss, but the complaint must contain sufficient factual allegations to meet the Rule 8 standard for pleading and to raise a right to relief above the speculative level. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In assessing whether this standard has been met, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Notably, "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

## II. Motion to Dismiss for Failure to State a Claim

### A. Discrimination Claims

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race" or "religion," among other protected categories. 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA[2] protects employees who are at least 40 years old from discrimination by making it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. §§ 623(a), 631(a). Finally, under the Montgomery County Human Rights Act, an employer may not, on the basis of an employee's race, religious creed, or age, among other protected categories, do any of the following:

> (A) fail or refuse to hire, fail to accept the services of, discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment; or
>
> (B) limit, segregate, or classify employees in any way that would deprive or tend to affect adversely any individual's employment opportunities or status as an employee.

Montgomery County Code § 27-19(a)(1). Where, as here, Idris has not alleged any direct evidence of discrimination, the elements of a *prima facie* case for discrimination under Title VII, the ADEA, and the Montgomery County Human Rights Act are: (1) membership in a protected class; (2) an adverse employment action; (3) satisfactory job performance at the time of the adverse employment action; and (4) different treatment of similarly situated persons outside the

---

[2] Although Idris does not explicitly reference the ADEA in the Complaint, the Court construes the general reference to age discrimination in her *pro se* Complaint as an attempt to allege a federal age discrimination claim, which would arise under the ADEA, not Title VII.

protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Coleman*, 243 F.3d at 190; *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (applying the Title VII *McDonnell Douglas* framework to an age discrimination claim under the ADEA); *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 756 (Md. 2007) (explaining that courts should consider federal precedent under Title VII when interpreting the employment discrimination provisions of the Montgomery County Code).

In this instance, Idris's Complaint generally alleges discrimination on the basis of race, religion, and age. However, even applying the generous reading appropriate for *pro se* filings, the barebones Complaint fails to allege facts that plausibly could show that Idris was discriminated against on the basis of her membership in any or all of these protected classes. Idris alleges that she received a "negative performance appraisal," Compl. ¶ 23, and that she "[resigned] because of her religion," *id.* ¶ 11, 20 (brackets in original), but does not allege any facts from which to infer that this negative assessment occurred *because* of Idris's religion, or that any other adverse action occurred because of Idris's membership in any of the protected classes.

In her Opposition to the Motion to Dismiss, Idris argues that "the Complaint alleges, and the evidence will show, that there are comparators of a different race, religion, and/or age who were not subjected to the same adverse employment actions" to which Idris was subjected. Opp. Mot. Dismiss at 16. While Idris may be able to produce such evidence, she is still required to have pleaded on the face of her Complaint sufficient factual allegations to plausibly support her claim. Despite Idris's statement to the contrary, the Complaint contains no mention of

comparators of any kind.[3] Under these circumstances, Idris's conclusory allegations of discrimination on account of race, religion, and age are insufficient to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Coleman*, 626 F.3d at 190-91 (dismissing the plaintiff's claim of racially discriminatory termination where the complaint failed to allege facts establishing that comparators were similarly situated or that race was the basis for the Idris's termination). Thus, Idris's claims for discrimination on account of race and religion under Title VII, discrimination on account of age under the ADEA, and discrimination on account of race, religion, and age under the Montgomery County Human Rights Act are dismissed without prejudice.

### B. Retaliation Claim

Title VII prohibits an employer from "discriminat[ing] against any individual" because that individual "opposed any practice made an unlawful employment practice by this subchapter," or "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The elements of a *prima facie* case for retaliation are: (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 298 (4th Cir. 2004).

---

[3] Idris also argues that the Court may infer that such comparators exist based on the fact that Idris "filed an EEOC claim and received a Notice of Right to Sue, which gives rise to a plausible inference of discrimination." Opp. Mot. Dismiss at 7. This is not so. The Notice of Right to Sue is a formality that merely establishes that a plaintiff has complied with the procedural requirements antecedent to filing suit. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28 (2014). Receipt of a Notice of Right to Sue letter does not, by itself, give rise to an inference of discrimination.

Here, Idris alleges that she "opposed discrimination against her by complaining to her management and by filing a charge of discrimination with the EEOC." Compl. ¶ 38. She also alleges that Creative Hairdressers "took adverse action against Plaintiff in retaliation for complaining of and opposing discrimination," *id.* ¶ 39, and that she "[resigned] because of her religion, and in retaliation for Plaintiff having complained of discrimination to management and in retaliation for Plaintiff having filed a charge of discrimination with the EEOC," *id.* ¶ 11, 20.

Even assuming that Idris sufficiently alleges that she engaged in a protected activity by complaining to management and filing an EEOC charge, the Complaint fails to state a claim for retaliation because it does not contain any factual allegations to show that Creative Hairdressers took an adverse employment action against Idris, or that it was causally connected to the protected activity. Idris does not describe in any way what retaliatory adverse employment action was taken. Idris argues in her Opposition that "the Complaint . . . alleges and the evidence will show, that shortly after engaging in the protected activity, the Defendant began to subject [Plaintiff] to retaliatory adverse employment actions." Opp. Mot. Dismiss at 9. However, the Complaint contains no such allegation that there was only a short period of time between Plaintiff's alleged protected activity and any adverse action, *see* Compl. ¶¶ 38-39, nor does it contain any other factual allegations that otherwise give rise to an inference of a causal connection between her alleged protected activity and any adverse employment action. A complaint must be dismissed if it contains only "naked assertion[s] devoid of further factual enhancement." *Twombly*, 550 U.S. at 557. Accordingly, Idris's retaliation claim is dismissed without prejudice.

### C. Hostile Work Environment

Title VII's prohibition on discrimination "with respect to . . . terms, conditions, or privileges of employment," 42 U.S.C. § 2000e-2(a)(1), includes a prohibition on subjecting an employee to a hostile work environment. *See Equal Emp't Opportunity Comm'n v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 174 (4th Cir. 2009). The elements of a *prima facie* case for hostile work environment discrimination are that: (1) the employee was subjected to harassment or offending conduct on the basis of membership in a protected class; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment; and (4) there was some basis for imputing liability to the employer. *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011).

In the Complaint, Idris alleges that that "Creative Hairdressers gave Idris a negative performance appraisal, [and] subjected her to a hostile environment because of Idris's [religion, age and race]." Compl. ¶ 23 (second alteration in original). Idris's single, conclusory statement regarding a hostile work environment, without any specific factual allegations describing the offending conduct and how it created an abusive work environment, does not sufficiently establish a plausible claim for relief. Therefore, to the extent that Idris has sought to allege a hostile work environment claim, it is dismissed without prejudice.

### III. Leave to Amend the Complaint

Having determined that Idris's claims are insufficiently pleaded, the Court turns to Idris's request for leave to amend. *See* Opp. Mot. Dismiss at 12-13. A party may amend its pleading with the opposing party's written consent or with the court's leave, which the court "should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should only deny leave to amend "when the amendment would be prejudicial to the opposing party, [when] there has been

8

bad faith on the part of the moving party, or [when] the amendment would be futile." *IGEN Int'l, Inc. v. Roche Diagnostics GMBH*, 335 F.3d 303, 311 (4th Cir. 2003) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

In this case, Idris's original Complaint was filed *pro se*, but Idris has since retained counsel. Under these circumstances, the Court infers that the deficiencies in the Complaint were the result of a good faith attempt to file a Complaint without the assistance of counsel, not of bad faith. A review of Idris's EEOC Charge, which was attached to the Opposition to the Motion to Dismiss, suggests that Idris's claims are based on a more robust set of factual allegations than were apparent on the face of her *pro se* Complaint, *see* Opp. Mot. Dismiss, Ex. 1, ECF No. 16-1, such that it would not be futile to allow Idris to now amend her Complaint with the assistance of counsel. Finally, granting leave to amend would not be prejudicial given that the case has not proceeded past the initial stages of litigation, and Creative Hairdressers has not explicitly opposed Idris's request for leave to amend the Complaint. Accordingly, Idris's request for leave to amend the Complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendant Creative Hairdressers, Inc.'s Motion to Dismiss is GRANTED. The Complaint is dismissed without prejudice, and Idris is granted leave to file an amended complaint within 21 days, by Wednesday, November 12, 2014. A separate Order follows.

Date: October 21, 2014

THEODORE D. CHUANG
United States District Judge